## Case No. 438.

ANONYMOUS.

[6 Chi. Leg. News, 333.]

[The case reported without title in 6 Chi. Leg. News, 333, is the same as Piek v. Chicago & N. W. R. Co., Case No. 11,138.]

## Case No. 439.

ANONYMOUS.

[7 Chi. Leg. News, 26.]

[The case reported without title in 7 Chi. Leg. News, 26, is the same as U. S. v. Wirt, Case No. 16,745.]

## Case No. 440.

ANONYMOUS.

[9 Chi. Leg. News, 20.]

[The case reported without title in 9 Chi. Leg. News, 20, is the same as U. S. v. Hazard, Case No. 15,337.]

## Case No. 441.

ANONYMOUS.

[11 Chi. Leg. News, (1879,) 190.]

District Court, W. D. Tennessee.

BANKRUPTCY—WHEN CREDITORS HAVING ADVERSE INTEREST MAY DEFEND.

A creditor or other person having an adverse interest to be affected by an adjudication in bankruptcy, may be admitted to defend. Practice when debtor denies that the requisite number and amount of creditors have joined. To charge suspension of commercial paper is not enough. It should be described or identified.

HAMMOND, J. The long disputed question, whether a creditor or other party having an adverse interest to be affected by an adjudication in bankruptcy, may be admitted to defend against the involuntary petition, has been settled in favor of that right. Bump. [Bankr.] (10th Ed.) 51, cites the cases. [In re Boston, Case No. 1,677; Id. 1678; In re Heusted, Id. 6,440; In re Bush, Id. 2,222; Dutton v. Freeman, Id. 4,210; Clinton v. Mayo, Id. 2,899; In re Derby, Id. 3,815; In re Mendelsohn, Id. 9,420; In re Hatje, Id. 6,215; In re Jack, Id. 7,120; In re Jack, Id. 7,119; In re Scrafford, Id. 12,557; In re Scrafford, Id. 12,556.]

The act, (section 5,021, [18 Stat. 181,]) provides that if the debtor denies that the requisite number and amount of creditors have joined, he shall file a list of his creditors, with their place of residence and sums due them; but it makes no provision for such a list where the debtor admits that fact. Indeed, it says, that if satisfied that the admission is made in good faith, the court shall so adjudge, and its determination shall be final, and the matter shall proceed without further steps on that subject. One of the creditors, who holds an attachment lien, which will be avoided by an adjudication, files a petition, asks to be permitted to defend, and, among other things, denies that the requisite number and amount of creditors have joined, and moves that the debtors be required to file a list of their creditors. I think the case stands as if the debtor himself had denied this fact, and that the alleged bankrupts may be required to file the list of creditors, and it is so ordered.

I am asked by the petitioning creditors to instruct the register whether or not both individual and partnership creditors are to be enumerated, or only partnership creditors; to exclude all secured creditors, except for supplies; to exclude all creditors who have had a preference or levied attachments, which will be avoided. I cannot adjudicate on these questions till they arise by presentation of the facts; and they are not now raised by the record. The case may be referred to the register to take proof and report whether or not the requisite number and amount of creditors have joined in this petition. He will report the facts and the proof he takes, along with his report. These questions, as they are raised before him, may be certified,

or reserved and made by exceptions after his report comes in. The case is not before him as if an adjudication had been made, and perhaps the certification in the ordinary way would not be proper practice, but it can be done by agreement; or the parties can put all the facts in the proof, and bring the questions up by exceptions to his report. The single act of bankruptcy charged, is—suspension of commercial paper. It is well charged, except that the paper is not described as identified, as it should have been. Bump. [Bankr.] (10th Ed.) 35, 423, cites the cases. [In re Randall, Case No. 11,551; In re Hadley, Id. 5,894.]

The defect may be amended.